IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02054-SKC-NRN

ROBERT WEST,

    Plaintiff,

v.

SCOT KERSGAARD, *et al.*,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 5, 2024, Magistrate Judge N. Reid Neureiter issued a Report and Recommendation (Recommendation) (Dkt. 65) on Defendants' Motions to Dismiss (Dkts. 25, 26), Plaintiff's Motion to Add Defendants (Dkt. 39), and Plaintiff's Motion for Summary Judgment (Dkt. 48). For the reasons shared below, the Court affirms and adopts Judge Neureiter's Recommendation and dismisses this case for a lack of jurisdiction.

## BACKGROUND

This matter arises from Plaintiff's contention the County Assessor for Jefferson County, Colorado, incorrectly calculated the 2021 and 2023 appraisal value of Plaintiff's real property. Dkt. 65 at p.2. Plaintiff alleges the County Assessor used a "non-statutory statistical methodology that calculates an equalized value for an

1

entire group of properties or a typical property of the group using property attributes in the group of properties in a selected geographic or market area." Dkt. 1 at pp.5-6. In his Amended Complaint, Plaintiff asserts two claims pursuant 42 U.S.C. § 1983 and the Fourteenth Amendment for the "disparagement of [his] 14th Amendment protection of property and right to due process." *See* Dkt. 23. Plaintiff seeks injunctive relief, an award of damages in the amounts allegedly overpaid on his property taxes, and punitive damages. *Id.*

The County Defendants have moved to dismiss Plaintiff's claims in their entirety. Dkts. 25, 26. Plaintiff has filed a motion seeking to add defendants to this case (Dkt. 39) and a separate motion for summary judgment in his favor (Dkt. 48). This Court referred these matters to Judge Neureiter, who conducted a motions hearing on March 13, 2024. Dkt. 56. Judge Neureiter issued his Recommendation on May 22, 2024, and recommended that Defendants' Motions to Dismiss be granted and Plaintiff's motions be denied. Dkt. 65.

Plaintiff filed an objection on June 4, 2024. Dkt. 66. After Defendants filed their response to Plaintiff's objection, Plaintiff filed a letter with the Court stating he had not submitted the June 4 objection and that it had been "done surreptitiously by an unknown party, from an unknown computer station." Dkt. 68. He filed a similar document on June 26, 2024 (Dkt. 71), and requests this case be stayed until he can file his actual objection (Dkt. 69).

The Court does not find Plaintiff's assertion that an unknown individual wrote and filed an objection on his behalf to be credible. To be sure, Defendants have submitted copies of emails from Plaintiff to the Clerk of Court—and copying Defense Counsel—attaching the very objection he now disavows. *See* Dkts. 70, 70-1, 70-2. And the Court has also retrieved the original emails from the Clerk of Court, which were indeed sent from Plaintiff's current email address. *See* Exhibits 1 & 2. The Court further notes that the objection on file contains the same formatting, syntax, and typographical errors Plaintiff has used throughout this case, in particular the repeated misspelling of "Defense Council." *Compare* Dkt. 68 at p.2 *with* Dkt. 63 at p.1. Thus, not only are Plaintiff's contentions implausible, but they also appear to be willful misrepresentations in an attempt to defraud the Court. In conjunction with the present Order, the Court will issue an Order to Show Cause why Plaintiff should not be sanctioned for this conduct.

## LEGAL STANDARDS

"'The filing of objections to a [magistrate judge's] report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute,' and gives the district court an opportunity 'to correct any errors immediately.'" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (cleaned up; citations omitted). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the [Magistrates] Act . . . ," including

3

judicial efficiency. *Id.* at 1060. "[A]llowing parties to litigate fully their case before the magistrate [judge] and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished) (citation omitted).

The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *One Parcel*, 73 F.3d at 1060; *see also* Fed. R. Civ. P. 72(b)(2). "Objections disputing the correctness of the magistrate judge's recommendation, but failing to specify the findings believed to be in error are too general" and may result in a waiver of the objections. *Kazarinoff v. Wilson*, No. 22-cv-02385-PAB-SKC, 2024 WL 98385, at *2 (D. Colo. Jan. 9, 2024) (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished)). And "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (cleaned up) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

When no party files an objection, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927

4

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985). ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In the absence of specific or any objections, the district court reviews the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

## FINDINGS AND ORDERS

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections to it for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Dkt. 65 at p.14. Although Plaintiff filed an objection within the 14-day period, his objection focused primarily on the process at the March 13 motions hearing. Dkt. 65. He contends the Magistrate Judge erred in denying his request to make a surrebuttal argument during the hearing. *Id.* at p.2. And he contends Judge Neureiter erred in striking those surreplies he filed after the hearing. *Id.* Because these are non-dispositive matters, the Court reviews them for clear error. Fed. R. Civ. P. 72(a).

Plaintiff's only argument ostensibly addressing the Recommendation is his conclusory contention that claims brought pursuant to 42 U.S.C. § 1983 are exempt

5

from the Tax Injunction Act. Dkt. 66 at p.3. But this is a woefully underdeveloped argument, and it amounts to little more than a general objection to the correctness of Judge Neureiter's legal conclusions. As a result, Plaintiff has waived *de novo* review, and therefore, the Court also reviews this objection for clear error. *Thomas*, 474 U.S. at 148-53.[1]

First, as to the hearing, it was entirely within Judge Neureiter's discretion whether to conduct a hearing on the motions at all, D.C.COLO.LCivR 7.1(h), and as with written filings, it is customary for only the moving party to be afforded the right to reply. *See* Fed. R. App. P. 34(c). Each party was allotted time to argue their respective positions and apart from Plaintiff's conclusory assertions regarding the "fairness" of these proceedings, the Court discerns no abuse of that discretion.

With respect to Plaintiff's objections regarding his surreplies, the Court finds no error in Judge Neureiter's decision to strike these filings. The Federal Rules of Civil Procedure do not contemplate the filing of surreplies as a matter of right. From this Court's review of the docket, Plaintiff did not seek permission to submit any of his surreplies, and therefore, the Court finds no clear error in the Magistrate Judge's Order striking these documents.

---

[1] Even if the Court were inclined to believe Plaintiff, which it isn't, it would be futile to permit Plaintiff the opportunity to file a new objection. This Court is duty-bound to police its own jurisdiction and even under *de novo* review of the issue, it agrees with Judge Neureiter that the Tax Injunction Act, 28 U.S.C. § 1341, divests this Court of any jurisdiction over Plaintiff's claims and the case law is clear that Section 1983 claims are not exempt.

6

Turning to the Magistrate Judge's findings and legal conclusions, the Court has reviewed the Recommendation and the entire record in this case and finds the Recommendation to be well-reasoned and a correct application of the facts and the law. As Judge Neureiter found, it is clear Plaintiff disputes the calculation of his property taxes and seeks to recover those amounts—as well as punitive damages and injunctive relief—via this Section 1983 action. *See* Dkt. 65 at p.11. Because Colorado's statutory scheme provides an adequate remedy for Plaintiff in Colorado state courts, Colo. Rev. Stat. §§ 39-5-122, 39-8-106, 39-8-108, his case is enjoined by the Tax Injunction Act, and this Court lacks jurisdiction over these matters. *Brooks v. Nance*, 801 F.2d 1237, 1239 (10th Cir. 1986) ("[T]he Tax Injunction Act bars a civil rights action.").

Finding "no clear error on the face of the record," the Court OVERRULES Plaintiff's Objection and AFFIRMS and ADOPTS the Recommendation. Defendants' Motions to Dismiss (Dkts. 25, 26) are GRANTED and this case is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED Plaintiff's Motion to Add Defendants (Dkt. 39), Motion for Summary Judgment (Dkt. 48), and Motion to Stay (Dkt. 69) are DENIED AS MOOT.

IT IS FURTHER ORDERED this case shall remain open for the sole purpose of issuing and deciding the forthcoming Order to Show Cause.

DATED: September 16, 2024.

7

BY THE COURT:

_____
S. Kato Crews
United States District Judge

8